IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                                              Criminal No. **3:03CR195**

ALEJANDRO REYES,

       Petitioner.

## MEMORANDUM OPINION

Petitioner, a federal inmate proceeding *pro se*, submitted this successive motion under 28

U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 491).

Petitioner argues that in light of the Supreme Court's ruling in *Johnson v. United States*,

135 S. Ct. 2551 (2015), his guidelines sentence is unconstitutional. (§ 2255 Mot. 13.)[1] The

Government has responded. (ECF No. 496.) Petitioner has replied. (ECF No. 498.) For the

reasons set forth below, the Court will deny Petitioner's § 2255 Motion as barred by 28 U.S.C.

§ 2255(h)(2) and the relevant statute of limitations.

## I. PROCEDURAL HISTORY

Petitioner pled guilty to conspiracy to distribute more than one kilogram of heroin, more

than five kilograms of cocaine hydrochloride, and more than fifty grams of cocaine base. (Plea

Agreement ¶ 1, ECF No. 143.) The probation office prepared a Presentence Report ("PSR") for

Petitioner prior to sentencing. In the PSR, the probation officer found Petitioner to be a career

offender because the offense of conviction was a felony controlled substance offense and

Petitioner had at least two prior felony convictions for either a crime of violence or a controlled

---

[1] The Court employs the pagination assigned to Petitioner's submissions by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from Petitioner's submission.

substance offense. (PSR ¶ 65.)[2] Petitioner's Offense Level Total of 39 and Criminal History

Category of VI, however, did not flow from this career offender designation, but from his

criminal history points and relevant offense conduct. (*Id.* Wksht D, at 1.) Petitioner's

sentencing guidelines range was 360 months to life. (*Id.*) At the time Petitioner was sentenced,

the United States Sentencing Guidelines ("USSG") were deemed mandatory. *See United States*

*v. Booker*, 543 U.S. 220, 233 (2005). On November 12, 2003, the Court sentenced Petitioner to

360 months of incarceration. (J. 2, ECF No. 248.) Petitioner did not appeal.

By Memorandum Opinion and Order entered on February 9, 2006, the Court denied

Petitioner's first 28 U.S.C. § 2255 motion. (*See* ECF Nos. 361, 362.) On August 1, 2016, the

United States Court of Appeals for the Fourth Circuit granted Petitioner authorization to file this

successive § 2255 Motion. (*See* ECF No. 489, at 1.) As discussed below, Petitioner's claim is

barred by 28 U.S.C. § 2255(h)(2) as successive and is untimely under 28 U.S.C. § 2255(f).

## II. ANALYSIS

### A. Petitioner Fails to Satisfy the Standard for Successive § 2255 Motions

The Fourth Circuit granted Petitioner pre-filing authorization to file a successive motion

in this Court pursuant to 28 U.S.C. § 2255(h)(2). Under § 2255(h)(2), Petitioner must

demonstrate that his claim is based upon "a new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C.

§ 2255(h)(2). In his § 2255 Motion, Petitioner raises entitlement to relief based upon the

following claim:

Claim One: "In light of Johnson's invalidation of the residual clause of the ACCA, Petitioner's mandatory career offender sentence under the Sentencing Guidelines, is likewise invalid." (§ 2255 Mot. 13.)

---

[2] The two predicate felony convictions were "Attempted Robbery–3rd" and "Criminal Sale of a Controlled Substance–3rd." (PSR ¶ 65.)

The Fourth Circuit's determination that Petitioner satisfies § 2255(h) "is 'tentative in the following sense: the district court must dismiss the motion that [the Fourth Circuit has] allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion.'" *McLeod v. Peguese*, 337 F. App'x 316, 324 (4th Cir. 2009) (quoting *Bennett v. United States*, 119 F.3d 468, 470 (7th Cir. 1997)). Thus, it is necessary to examine Petitioner's claim and dismiss it, if the Court finds that it is barred under § 2255(h). *See United States v. MacDonald*, 641 F.3d 596, 604 (4th Cir. 2011) (citing *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003)).

To satisfy 28 U.S.C § 2255(h)(2), Petitioner must demonstrate: (1) the rule announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015), constitutes a new rule of constitutional law that was previously unavailable; and (2) the Supreme Court has made the rule announced in *Johnson* retroactive to cases on collateral review. As explained below, Petitioner fails to satisfy these requirements because the Supreme Court has neither extended the rule in *Johnson* to Sentencing Guidelines challenges, nor made such an extension retroactive.

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[3] In *Welch v. United States*, 136 S. Ct. 1257

---

[3] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

(2016), the Supreme Court held that "*Johnson* announced a substantive rule of law that has retroactive effect in cases on collateral review." *Welch*, 136 S. Ct. at 1268. Petitioner now argues that *Johnson* invalidated the identically worded "residual clause" in USSG § 4B1.2.[4] However, after Petitioner filed his § 2255 Motion, the Supreme Court, in *Beckles v. United States*, 137 S. Ct. 886 (2017), refused to extend *Johnson*'s holding to the identical residual clause found in the advisory guidelines, USSG § 4B1.2(a)(2). *Beckles*, 137 S. Ct. at 892; *see United States v. Lee*, 855 F.3d 244, 246–47 (4th Cir. 2017) (applying *Beckles*).

Despite the Supreme Court's explicit refusal to extend *Johnson*'s holding to the Sentencing Guidelines, Petitioner argues that *Beckles* only applied to the advisory Sentencing Guidelines, and his mandatory, pre-*Booker* designation as a career offender is unconstitutional under *Johnson*. (Reply 4, ECF No. 498.) He argues that *Johnson* invalidated the identically worded "residual clause" in USSG § 4B1.2, therefore, he no longer has two predicate "crimes of violence" to find him a career offender. However, Petitioner's attempt to utilize *Johnson* as a means around the procedural roadblock of § 2255(h)(2) fails. Contrary to Petitioner's assertion, *Johnson*'s holding applies to sentence enhancements pursuant to ACCA, rather than sentence enhancements under § 4B1.1 under the then-mandatory Sentencing Guidelines regime. *See*

---

[4] As employed at Petitioner's sentencing, the definition of "crime of violence" read as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> > (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

U.S. Sentencing Guidelines Manual 4B1.2 (U.S. Sentencing Comm'n 2002). The bolded portion above is identical to the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(iii) that *Johnson* invalidated.

*United States v. Gholson*, No. 3:99CR178, 2017 WL 6031812, at *3 (E.D. Va. Dec. 5, 2017);

*United States v. Bowens*, No. 3:98CR110, 2017 WL 4533129, at *3 (E.D. Va. Oct. 10, 2017);

*Mitchell v. United States*, No. 3:00–CR–00014, 2017 WL 2275092, *1, *5 n.5 (W.D. Va. May

24, 2017); *cf. United States v. Brown*, 868 F.3d 297, 303 (4th Cir. 2017) (explaining that

"*Johnson* only recognized that ACCA's residual clause was unconstitutionally vague" and "it did

not touch upon the residual clause" of the Sentencing Guidelines). Accordingly, because

*Johnson* fails to extend to Petitioner's sentence under the Sentencing Guidelines, he fails to

satisfy the requirements of § 2255(h)(2). Thus, Petitioner's § 2255 Motion is an improper,

successive motion under § 2255(h)(2).

### B. Petitioner's § 2255 Motion is Untimely

Even if Petitioner's § 2255 Motion was not an improper, successive § 2255 motion, it

would also be barred by the statute of limitations. Section 101 of the Antiterrorism and Effective

Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of

limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under 28 U.S.C. § 2255(f)(1), Petitioner's conviction became final in 2003. Thus, his § 2255 Motion is untimely unless Petitioner demonstrates some basis for a belated commencement of the limitation period. Petitioner argues that his § 2255 Motion is timely under § 2255(f)(3). (§ 2255 Mot. 8.)

In order to obtain a belated commencement of the limitation period under § 2255(f)(3), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012). If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358–59 (2005).

Petitioner suggests that *Johnson* announced a newly recognized right that the Supreme Court has made retroactively applicable to cases on collateral review, and that right extends not just to ACCA sentences, but also to his sentence under the Sentencing Guidelines. In essence, however, rather than relying on the rule of *Johnson*, Petitioner seeks the creation of a second new rule extending *Johnson* to the mandatory Sentencing Guidelines.

> Regrettably for Petitioner, the Supreme Court did not recognize such a right in *Johnson*. While *Johnson* did announce a retroactively applicable right, *Welch v. United States*, [136 S. Ct. 1257, 1265] (2016), *Johnson* dealt only with the residual clause of ACCA—a federal enhancement statute . . . . *Johnson* did not discuss the mandatory Sentencing Guidelines' residual clause at issue here . . . .

*Brown*, 868 F.3d at 302. The "right asserted" in *Johnson* is not the same right that Petitioner seeks to assert in this case. As previously discussed, *Johnson*'s holding was limited to those individuals sentenced under the ACCA and it did not touch upon the residual clause found in the

Sentencing Guidelines. *See Brown*, 868 F.3d at 303; *Mitchell*, 2017 WL 2275092, at *5.

Because *Johnson* does not apply to sentence enhancements under USSG § 4B1.2, Petitioner may

not utilize *Johnson* to make his § 2255 Motion timely under § 2255(f)(3). *See Brown*, 868 F.3d

at 302–03 (refusing to extend *Johnson* to invalidate a career offender sentence under the

mandatory guidelines and finding such a challenge untimely). Accordingly, Petitioner's § 2225

Motion is also untimely and must be dismissed.

### III. CONCLUSION

Petitioner's Motion to Lift the Stay (ECF No. 495) will be GRANTED. Petitioner's

§ 2255 Motion (ECF No. 491) will be DENIED as barred by 28 U.S.C. § 2255(h)(2) and by 28

U.S.C. § 2255(f)(3). The action will be DISMISSED. A certificate of appealability will be

DENIED.

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States District Judge

Date: MAR 2 9 2018
Richmond, Virginia

7